UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LANLAN LI,

Plaintiff,

v.

FRESENIUS KABI USA, LLC,

Defendant.

Case No. 20-cv-07110

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Defendant Fresenius Kabi USA, LLC, a pharmaceutical company, terminated Plaintiff Lanlan Li in May 2020. Li had worked for Fresenius as a Senior Scientist since 2014. Li claims that Fresenius fired her because of her disability, national origin, and age and in retaliation for complaining about Fresenius's failure to accommodate her. Li brings a twelve-count complaint for discrimination and retaliation. Defendant moves for summary judgment on all of Li's claims. [64]. For the reasons explained below, this Court grants Defendant's motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are

material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 250 (quoting Fed. R. Civ. P. 56(e)).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [ ] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Logan v. City of Chicago*, 4 F.4th 529, 536 (7th Cir. 2021) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id*.

## BACKGROUND[1]

The Court initially addresses Fresenius's argument that Li failed to comply with Local Rule 56.1 (Dkt. 80). The Seventh Circuit has "consistently upheld district judges' discretion to require strict compliance with Local Rule 56.1." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 414 (7th Cir. 2019) (quotation

---

[1] The Court takes these background facts from Defendant's statement of facts (DSOF) [66] and Li's response to Defendant's statement of facts [78]. Li did not submit a separate statement of additional facts.

2

omitted). A district court can strictly enforce this local rule "by accepting the movant's version of facts as undisputed if the non-movant has failed to respond in the form required." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 648 (7th Cir. 2014). The Court agrees that Li failed to fully comply with the Local Rule 56.1 and will address particular local rule violations in its analysis below. With this, the Court turns to the undisputed facts.

I. **Plaintiff's Employment**

In November 2014, Li began working for Fresenius as a Senior Scientist in the Department of Analytical Development. DSOF ¶ 9. Li is over 40 years of age and of Chinese descent. *Id.* ¶ 11. In 2016, Li was asked to perform a cell-based assay involving vasopressin. *Id.* ¶ 14. Fresenius intended to submit the final report to the U.S. Food and Drug Administration (FDA) for approval and therefore required Li to adhere to certain standards and protocols on testing and reporting. *Id.* ¶ 15. The deadline for submission of Li's report on the "Vasopressin Project" to Fresenius Regulatory Affairs was June 24, 2019. *Id.* ¶ 16. Li submitted her Vasopressin Project report on May 29, 2019. *Id.* ¶ 18. Li was on vacation from June 3, 2019 to June 23, 2019. *Id.* ¶ 19.[2]

On June 8, 2019, because of her hard work, Manager Kurt Weber awarded Li a monetary bonus. *Id.* ¶ 20. However Li's report was not able to be submitted to the

---

[2] Li says the start date of her vacation was May 30, 2019 [78 at 6] although the Court finds this date difference immaterial to the issues in the case.

FDA in the form that Li submitted to her supervisors. *Id.* ¶ 21.[3] Subsequently, Mr. Weber did not recommend Li for promotion to Department Supervisor, Jagdish Lande. *Id.* ¶ 22.[4]

On July 24, 2019, Li reported to Jinsong Liu that she was having back pain and eye strain and that she believed it to be from working long hours in the lab. *Id.* ¶ 23. Mr. Liu reported this to Mr. Lande and on July 24, 2019, Mr. Lande and Mr. Weber met with Li to discuss her health concerns. *Id.* ¶ 24. On August 1, 2019, Li sent Human Resources Manager Birgit Patrick a copy of her work restrictions from a doctor's visit on July 31, 2019; these restrictions included no lifting over 5 pounds and to avoid sitting 7-8 hours. *Id.* ¶ 26.

On August 13, 2019, Ms. Patrick contacted Benefits Analyst Kristina Fuller to assist Li in filing for leave under the Family and Medical Leave Act and Short-Term Disability benefits. *Id.* ¶ 32. Li did not provide medical documentation to UNUM and her short-term disability claim was denied in November 2019. *Id.* ¶ 34. Li then provided UNUM with the required documentation and on December 19, 2019, was approved for Short-Term Disability benefits beginning September 26, 2019. *Id.* ¶ 35. On March 11, 2020, UNUM sent Li and Fresenius a letter about transitioning Li to Long Term Disability Benefits. *Id.* ¶ 38. On March 23, 2020, Fresenius informed Li

---

[3] Li disputes DSOF ¶ 21 but does not dispute this portion of the statement that her report was not submitted to the FDA in the form she submitted it to her employer.

[4] Li's response to defendant's statements admitting the statement along with a qualification such as "the email speaks for itself" or followed by argument without any explanation of whether Li disputes in part the statement (Dkt. 78 at 6-7) are non-responsive under Local Rule 56.1. *See e.g. Arias v. CITGO Petroleum Corp.*, No. 17-CV-08897, 2019 WL 4735391, at *2 (N.D. Ill. Sept. 27, 2019).

4

that she had exhausted her Short-Term Disability Leave and that should she be unable to return to work by April 23, 2020, she would be terminated from payroll. *Id.* ¶ 39.

On April 21, 2020, Andrew Davis, Senior Human Resources Manager, sent an email to Li explaining that should she still be unable to perform her job duties, she would either need to transition to Long Term Disability or be terminated from payroll. *Id.* ¶ 41. Further, Fresenius would extend her time to return to work to April 30, 2020 given her follow-up doctor's appointment to determine if she was able to return to work. *Id.* By April 23, 2020, Li's Long Term Disability Benefits had not yet been approved by UNUM. *Id.* ¶ 42. On April 30, 2020, UNUM notified Li and Fresenius that Li's Long Term Disability benefits had been denied. *Id.* ¶ 42.

## II. Plaintiff's Termination

After Li's Long Term Disability benefits were denied, Fresenius granted Li another extension until May 21, 2020 to return to work, either with or without restrictions. DSOF ¶¶ 43–44. By May 26, 2020, Li remained unable to return to work and Fresenius terminated her employment. *Id.* ¶ 45.

Li alleges that Fresenius discriminated against her due to her disability, race/national origin, and age, and she also alleges failure to accommodate her disability and retaliation under both state and federal law. *Id.* ¶ 8.

## III. The IDHR and EEOC

On or about November 20, 2019, Li filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging discrimination based

on her disability and retaliation. DSOF ¶ 36.[5] According to Li, she "filed claims with the IDHR [Illinois Department of Human Rights], which she sent to the EEOC to review." [76 at 9]. Li identifies the following charge numbers for her three charges: EEOC charge number 440-2020-01046, IDHR number 2020CA1223, and EEOC number 440-2021-00176. *Id*. Fresenius does not dispute that Li filed these charges, but argues that Li did not exhaust her administrative remedies for her national origin and age claims.

## ANALYSIS

In Li's amended complaint, she brings claims for disability discrimination under the ADA (Count I) and under the IHRA (Count II), national origin discrimination under Title VII and IHRA (Counts III and IV), retaliation in violation of the ADA (Count V), retaliation in violation of the IHRA (Count VI), failure to accommodate under the ADA and IHRA (Counts VII and VIII), age discrimination under the ADEA and IHRA (Counts IX and X), and retaliation in violation of Title VII and the IHRA (Count XI and XII). [3]. Fresenius moves for summary judgment on all the claims.

The Court agrees with Fresenius that Li failed to exhaust her administrative remedies for her national origin and age discrimination claims. As for Li's disability discrimination claims, assuming they are properly before this Court, Li does not raise a genuine issue of material fact precluding summary judgment in favor of Fresenius.

---

[5] The Charge Fresenius references in this asserted fact and attaches as Exhibit R is signed October 9, 2020 and says it was received by the EEOC on that date. This 2020 Charge refers to the earlier EEOC charge, number 440-2020-01046, that Li filed in 2019.

6

### I. Failure to Exhaust

Fresenius argues that Li's claims of national origin and age discrimination are time-barred because she failed to exhaust her administrative remedies for those claims. [65 at 12, 17]. Li does not dispute that her EEOC charges did not contain claims of national origin or age discrimination. [76]. Still, Li argues, she "filed claims with the IDHR," based on national origin and age, "which she sent to the EEOC to review." *Id*. at 9. She maintains that "[a] right to sue letter was requested, and the [EEOC] combined the charges," and thus "all claims were sent in for the appropriate investigatory period." *Id*.

The summary judgment record shows that the 2019 EEOC charge (-01046) was filed first, then the 2019 IDHR Charge (-1223) and finally the second EEOC charge in 2020 (-00176). (Dkt. 66, Exh. R; Dkt. 76-3). However, there is no right-to-sue letter from the EEOC nor any final report from the IDHR in this record.[6]

The purpose of the EEOC's exhaustion requirement is to ensure an employer receives "prompt notice" of the claim (see *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002)), and to provide the EEOC an opportunity to investigate complaints and help the parties settle the dispute. *Moore v. Vital Prod., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (citations omitted). Similarly the IHRA and Illinois Human Rights Commission's rules "establish comprehensive administrative procedures

---

[6] Although it is not the Court's job to "scour the record" on summary judgment (*see Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1040 (7th Cir. 2021)), the Court also reviewed prior pleadings in the case and has not located any right-to-sue letter from either the IDHR or EEOC, despite Li's reference to the right-to-sue letter in both her original and amended complaints.

7

governing the disposition of alleged civil rights actions." *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 961 (N.D. Ill. 2012) (cleaned up); *see also Burton v. Chicago Transit Auth.*, No. 17 C 8508, 2019 WL 1932585, at *2 (N.D. Ill. May 1, 2019) ("Plaintiffs alleging discrimination under [these] statutes must first present their claims in a charge to the EEOC or IDHR before taking them to court.").

Li does not dispute that administrative exhaustion is required in this case but maintains that she "did what was needed on her end to exhaust." (Dkt. 76 at 9). The document Li attaches, an email from one EEOC employee to another about "processing a request for a Notice of Right to Sue" (Dkt. 76-4) does not constitute a right-to-sue. And in April 2021, Li's attorney expressly asked the EEOC to "advise *if* a right was issued *as we did not receive it*." *Id.* (emphasis added).

In addition, Li does not cite any authority to support the proposition that sending an IDHR charge to the "EEOC to review" and "request[ing]" a right to sue letter constitutes exhaustion before either the IDHR or EEOC. *See e.g. Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015) (rejecting argument that when plaintiff "transferred" her IDHR charges to the EEOC that constituted exhaustion); *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL 1701860, at *3 (N.D. Ill. Apr. 8, 2020) (EEOC right-to-sue letter is not a substitute for a report from the IDHR); *Smith v. City of Chicago*, No. 18 C 8075, 2021 WL 463235, at *5 (N.D. Ill. Feb. 9, 2021), aff'd sub nom. 2022 WL 205414 (7th Cir. Jan. 24, 2022) (explaining that "[e]ven if [plaintiff] timely *filed* his charge, he did not properly *exhaust* his administrative remedies."). Accordingly Li's national origin

and age claims are dismissed without prejudice. *See McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022).

As to Li's disability discrimination claims, the record similarly lacks a right-to-sue letter for those claims. *See e.g. Burton,* 2019 WL 1932585 (exhaustion required for ADA claims). However, Fresenius did not argue that her disability claims are time-barred. For completeness, the Court addresses the merits of those claims.

**II.    Disability Claims**

The ADA prohibits discrimination against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a) "[T]o be "qualified" under the ADA, an individual must be able to "perform the essential functions" of her job "with or without reasonable accommodation." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 971 (7th Cir. 2020) (quoting 42 U.S.C. § 12111(8)). An employer must make reasonable accommodations that allow a qualified individual to perform the essential functions of her job. *Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 197 (7th Cir. 2011). Under *Ortiz v. Werner Enterprises, Inc.*, the Court asks "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [membership in a protected class] . . . caused the discharge or other adverse employment action" at issue. 834 F.3d 760, 765 (7th Cir. 2016). *See also Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022) (courts assess the evidence as a whole).

Fresenius does not dispute that Li had a disability. Li was diagnosed with spondylolisthesis, which causes back pain (Dkt. 76-1). Li argues that she was not promoted and later terminated because of her disability. Fresenius contends that she

was not promoted due to her work product. And Fresenius asserts that Li was terminated after nine months of Fresenius accommodating her disability and only after she exhausted her time for disability leave, until Li could no longer return and perform the essential functions of her job.

The parties dispute whether performing lab work is an essential function of a Senior Scientist (Li's position). Department Supervisor Mr. Lande testified that it is a requirement for senior scientist to be able to perform bench work as part of their job duties. (DSOF ¶ 30; Dkt. 66, Exh. F). Li's only response to this was that her "understanding does not correlate lab work and bench work meaning the exact same thing." (Dkt. 78 ¶ 30). This is argument, not a factual assertion supported by admissible evidence.

Li also contends that Fresenius "allowed other individuals to work from home and even allowed [her] to undertake tasks other than bench work." (Dkt. 76 at 6). First, the fact that Li received an accommodation does not automatically mean that performing bench work was not an essential function of her position. *See Tate v. Dart*, 51 F.4th 789, 800 (7th Cir. 2022). For the other employees, Li relies on her own deposition testimony stating that they also had back issues and did not do bench work or were allowed to work at home. (Dkt. 76-1, Exh. A). Li does not specify whether her former colleagues received accomodations, nor does she explain why this demonstrates that bench work is not an essential function of a Senior Scientist. In addition, in response to Fresenius's explanation that she was not promoted because of the results of her report on the Vasopressin Project, Li contends that she was being

10

considered for a promotion and that she received a bonus. But this does not defeat summary judgment because these events occurred *before* Fresenius decided not to submit her report to the FDA. DSOF ¶¶ 17, 20. This also occurred prior to Fresenius's knowledge of her disability. On this record, Li has not shown she was a "qualified individual" under the ADA.

Further, as to Li's termination, as Fresenius points out (Dkt. 65 at 10), under Seventh Circuit law, "[i]nability to work for a multi-month period removes a person from the class protected by the ADA." *Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). Fresenius argues that it could not "continue to hold [Li's] job open indefinitely when she remained unable to perform the essential functions of her job for over nine months." (Dkt. 65 at 16). In *Gross v. Peoples Gas Light & Coke Co.*, for example, the court held that plaintiff's "undisputed inability to work at the time of his termination meant that he did not meet the ADA's definition of a qualified person with a disability." No. 17-CV-3214, 2022 WL 4599369, at *16 (N.D. Ill. Sept. 30, 2022). Li did not respond to this argument, waiving any response. *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 675, 688 (7th Cir. 2022); *see also Castelino*, 999 F.3d at 1040 ("In considering a motion for summary judgment, the court is not obligated to assume the truth of a nonmovant's conclusory allegations on faith or to scour the record to unearth material factual disputes.") (cleaned up).[7]

Li therefore has not raised a genuine issue of material fact to survive summary judgment on her claims of discrimination based on her disability and failure to

---

[7] As for Li's argument about the interactive process, generally a claim for a break-down in the interactive process is not an independent basis for liability. *See McAllister*, 983 F.3d at

11

accommodate. *See Rozumalski v. W.F. Baird & Assocs., Ltd.*, 937 F.3d 919, 925 (7th Cir. 2019) (party opposing a summary judgment motion must inform the court "of the reasons, legal or factual, why summary judgment should not be entered").

### III. Retaliation Claims

The Court next assesses whether Li raises a triable issue on her retaliation claims. To survive summary judgment on this claim, a plaintiff must present evidence of: (1) a statutorily protected activity; (2) a materially adverse action taken by the employer; and (3) a causal connection between the two. *Abebe v. Health & Hosp. Corp. of Marion Cnty.*, 35 F.4th 601, 607 (7th Cir. 2022). The Court asks: Does the record contain sufficient evidence to permit a reasonable factfinder to conclude that retaliatory motive caused the materially adverse action? *Lesiv v. Ill. Cent. R.R. Co.*, 39 F.4th 903, 911 (7th Cir. 2022).

For the causation element, Li must show that the defendant would not have taken the adverse action but for plaintiff's protected activity. *Greengrass v. Int'l Monetary Sys. Ltd.*, 776 F.3d 481, 486 (7th Cir. 2015). The parties agree that Li filed her first EEOC charge in November 2019. Li was terminated in May 2020. Fresenius argues that these events were six months apart, and the record lacks evidence of a causal connection between them. *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020) (moving party may succeed by showing an absence of evidence to support non-

---

972. In certain circumstances such as where an employer unreasonably delays in providing an accommodation for an employee's known disability, this can amount to a failure to accommodate. *See McCray v. Wilkie*, 966 F.3d 616, 621 (7th Cir. 2020). But Li's broad assertion that her employer offered her "only some of the accommodations it offered to other individuals" (Dkt. 78 at 12) is undeveloped and does not support her claim.

moving party's claims). Li says that Fresenius was frustrated with her work one month after her first request for accommodation, and as she "began her EEOC process, talks of termination began from her supervisor." (Dkt. 76 at 12). But these arguments lack specifics and are unsupported by evidence, let alone a Local Rule 56.1-compliant fact. Li does not offer any evidence to establish the requisite causal connection. *See Scaife v. U.S. Dep't of Veterans Affs.*, 49 F.4th 1109, 1118 (7th Cir. 2022); *Rozumalski*, 937 F.3d at 925.

A reasonable factfinder could not return a verdict in Li's favor on her retaliation claim. Fresenius is entitled to judgment as a matter of law on this basis as well.

## CONCLUSION

For the reasons explained, this Court grants Defendant's motion for summary judgment [64] and directs the Clerk to enter judgment in Defendant's favor. Plaintiff's claims based on age and national origin (Counts III, IV, IX, X) are dismissed without prejudice. Her remaining claims (Counts I, II, V, VI, VII, VIII, XI, and XII) are dismissed with prejudice. Civil case terminated.

E N T E R:

Dated: May 15, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge